IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUTH R. S.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 167 |
| v. | ) | |
| | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Ruth R. S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by their first name and the initials of their last names.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 31, 2021, Plaintiff filed a claim for DIB, alleging disability since October 30, 2020. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on March 3, 2023. The Social Security Administration Appeals Council remanded the matter on October 11, 2023. The ALJ held a telephonic remand hearing on September 3, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 30, 2024, the ALJ again denied Plaintiff's claim for benefits, finding them[3] not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's September 30, 2024 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In the ALJ's September 30, 2024 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since their alleged onset date of October 30, 2020. At step two, the ALJ concluded that Plaintiff had the

---

[3] The record indicates that Plaintiff has a preference for they/them/their pronouns.

2

following severe impairments: degenerative disc disease of the thoracic spine; obstructive sleep apnea; fibromyalgia; obesity; asthma; bilateral carpal tunnel syndrome; depressive disorder; and anxiety disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; can frequently use the bilateral hands to perform handling; can understand, remember, and carry out simple instructions; and can tolerate occasional interactions with supervisors and co-workers, but should have no interactions with the public. At step four, the ALJ concluded that Plaintiff would be unable to perform their past relevant work as a kitchen food assembler or quality control technician. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that they are not disabled under the Social Security Act.

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons. Plaintiff first argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treatment team concerning their fibromyalgia. Specifically, Plaintiff contends that the ALJ offered erroneous assessments of the opinions of Dr. Axa Anaya, their rheumatology provider, and Clarissa Morrow, their rheumatology nurse practitioner.

In evaluating medical opinion evidence, an ALJ is required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability,

6

consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In this case, in his decision, the ALJ noted the opinions of Dr. Anaya regarding Plaintiff's physical impairments, including her opinions that Plaintiff would be absent more than four times per month and off-task more than 25% of a typical workday. In finding Dr. Anaya's opinions generally unpersuasive, the ALJ reasoned, *inter alia*, that the opinions were inconsistent with Plaintiff's "largely normal examination findings." (R. 34.) The ALJ also noted the opinions of NP Morrow, including her opinion that Plaintiff's "fibromyalgia symptoms would limit [them] such that they would be limited to work at sedentary exertion." (*Id.* at 35.) In finding NP Morrow's opinions generally unpersuasive, the ALJ reasoned, *inter alia*, that the opinions were inconsistent with Plaintiff's "largely normal physical examination findings." (*Id.*)

7

The consistency analysis provided by the ALJ concerning Plaintiff's normal examination findings is problematic. That is because "[t]hose suffering from fibromyalgia have muscle strength, sensory functions, and reflexes that are normal, and [physical examination findings] do not measure the seriousness of fibromyalgia's symptoms." *Sylvia C. v. Dudek*, No. 22 CV 5279, 2025 WL 1262570, at *3 (N.D. Ill. May 1, 2025) (citation and quotations omitted). Put differently, it is "not unusual for someone with chronic pain syndrome and fibromyalgia to have normal physical examinations." *Daniel H. v. O'Malley*, No. 3:20-CV-50434, 2024 WL 4347115, at *4 (N.D. Ill. Sept. 30, 2024). As such, courts have held that "whether Plaintiff had normal range of motion, motor strength, reflexes and gait . . . does not undermine [a physician's] fibromyalgia diagnos[is] or [his] opinions on [a claimant's] limitations." *Sylvia C.*, 2025 WL 1262570 at *3 (citation omitted). Further, courts have concluded that rejecting a medical provider's opinion based on "normal" examination findings is problematic because physical examination testing "is precisely the type of testing that doctors frequently use to *rule out* other conditions in diagnosing fibromyalgia." *Id.* (citation omitted).

Based on this authority, the Court concludes that the ALJ erred in this case by finding inconsistency in the medical opinions based on normal examinations without adequately explaining how the examinations were actually inconsistent with the providers' opinions. *See Henson v. Berryhill*, Case No. 1:16-cv-3383-DML-RLY, 2018 WL 1281386, at *4 (S.D. Ind. Mar. 13, 2018) (ALJ erred by rejecting physician's opinion on claimant's fibromyalgia-related limitations where ALJ "did

8

not explain how these normal and relatively normal exam findings detract from [the doctor's] opinions of [the claimant's] condition and limitations"); *Ryberg v. Berryhill*, Cause No. 2:17-CV-449-JEM, 2019 WL 912175, at *3 (N.D. Ind. Feb. 25, 2019) (ALJ's rejection of doctor's opinion about plaintiff's fibromyalgia-related limitations on ground that "treating physical examinations have otherwise been essentially normal" was "not a sound explanation ... because the symptoms of fibromyalgia are often subjective, and may not be ruled out by objective tests"); *Brown v. Berryhill*, No. 2:18-CV-64-JEM, 2019 WL 499410, at *4 (N.D. Ind. Feb. 7, 2019) ("The ALJ has not explained how evidence of normal range of motion, gait, motor strength, and results from neurological examinations are inconsistent with significant limitations due to fibromyalgia and, thus, show Dr. Ismail's opinion to be inconsistent with the record.").

For their second argument, Plaintiff contends that the ALJ's step five finding is unsupported by substantial evidence. As stated above, the ALJ concluded at step five that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (R. 36.) The ALJ indicated that he arrived at that conclusion "[b]ased on the testimony of the vocational expert." (*Id.* at 37.) The ALJ pointed to the VE's testimony that Plaintiff would be able to perform the jobs of Marker (130,000 jobs), Office Helper (7,000 jobs), and Mail Clerk (13,000 jobs). The ALJ found that these "numbers represent a significant number of jobs in the national economy." (*Id.*) The ALJ then stated as follows:

9

> At the hearing, the vocational expert testified that some aspects of the jobs of Marker and Office Helper as described in the DOT are obsolete due to updates in technology. However, they testified that to the extent these descriptions are obsolete, the physical and mental requirements to perform these tasks have not materially changed. In consideration of this testimony and Ms. Warren's expertise and background as reflected in their résumé, I find that to the extent the description in the DOT conflicts with the way these jobs are currently performed, such conflicts are not material to whether an individual with the claimant's residual functional capacity can perform these occupations.

(*Id.*)

As Plaintiff points out, the problem here is that the ALJ did not actually offer this latter testimony concerning the obsolescence of any aspects of the Marker or Office Helper jobs. Indeed, it appears that the ALJ conjured such testimony out of thin air and Defendant concedes that "the ALJ misstated some of the vocational expert's testimony." ([16] at 11.) The ALJ's misstatement in that regard undermines his findings concerning the Marker and Office Helper jobs. The only job not associated with the ALJ's misstatement is the Mail Clerk job. But that job only represents 13,000 positions, and Defendant appears to concede that numbers less than 20,000 do not represent a significant number of positions. (*Id.* ("The Seventh Circuit, and this Court, have found far smaller numbers of jobs – including numbers as small as 20,402 jobs nationally – to be a significant number sufficient to support a step-five finding.").)

Ultimately, the Commissioner "bears the burden at step five to show that there exist substantial numbers of jobs in the national economy that the claimant can actually do." *Schmitz v. Colvin*, 124 F.4th 1029, 1033 (7th Cir. 2024) (citation omitted). *See also Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023) ("At step

10

five, the burden shifts to the agency to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations.") (citation and internal quotations omitted). Because the vocational testimony upon which the ALJ said he principally relied is in fact imaginary, the ALJ's decision is not properly supported and the Court cannot properly assess whether the government has satisfied its step five burden. These problems require that the matter be remanded. *See Burke v. Astrue*, No. 08 C 50136, 2009 WL 2601300, at *10 (N.D. Ill. Aug. 21, 2009) (finding remand necessary where "[t]he ALJ's opinion slightly mischaracterize[d] the VE's testimony"); *Hackett v. Barnhart*, 395 F.3d 1168, 1174 (10th Cir. 2005) (finding remand necessary where "the ALJ misstated the testimony of the VE").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:    September 29, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

11